IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE P. GILBERT,

       Plaintiff,

vs.                                  Case No. 06-4010-SAC

DAVID L. MILLER,

       Defendant.

_____

## REPORT & RECOMMENDATIONS

      This matter comes before the court upon Plaintiff Gene P. Gilbert's Application for Leave to File Action Without Payment of Feed, Costs, or Security (Doc. 2). Upon careful review of the record, the court recommends dismissal of this action based upon a lack of subject matter jurisdiction.

### Relevant Factual Background

      Plaintiff commenced this action on January 17, 2006, by filing his complaint (Doc. 1) in the United States District Court for the District of Kansas. In his complaint, Plaintiff fails to cite a specific cause of action or theory of recovery. Rather, Plaintiff makes eleven allegations, alleging that:

1.    Plaintiff has every right to speak, and repres[e]nt himself.
2.    Plaintiff believes this court has an ethical responsibility to hear all arguements [sic] presented by (self) within the a timely manner, with no prejudices.
3.    Plaintiff is a victim, has been and further continuation of these behaviors, are nothing more than *gross negligence* on behalf of the once more than respected judicial system.
4.    Plaintiff will prove the Defendant was liable, that he had an ethical responsibility, that *the case was not presented zealously*, that Defendant has to wit interfered [sic] with his personal, intimate space, as well as his social, depending on the current intrepretation [sic] of the 4th amendment, causing emotional, menal, and physical

Dockets.Justia.com

damages, hardships in living, etc.

5.     Plaintiff has been nothing more than a gentleman, to date, re; an attempt at finding and resolving this matter.

6.     Plaintiff has been *deceived*, by an alleged friend.

7.     Plaintiff has been subjected to mental, emotional cruelties, pursuant to unethical practices.

8.     Defendant is claiming to be prudent, upstanding member of society, etc.

9.     Plaintiff is alledging [sic] the TORT is of such a nature that no-one directly affiliated with this court would have ever taken part in.

10.     Plaintiff is more than confident, that the facts will be presented in manner both pleasing and yet appalling to the court.

11.     Defendant has has [sic] an ethical code of which to work by and has violated those codes of ethics.[1]

**Discussion**

The Federal Rules of Civil Procedure state that the court shall dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter[.]"[2] Subject matter jurisdiction is essential to maintaining an action in federal district court and can arise in two distinct ways. First, the federal district courts have subject matter jurisdiction under 28 U.S.C. § 1331 for claims arising under the U.S. Constitution and/or federal law.[3] Second, the federal district courts have subject matter jurisdiction under 28 U.S.C. § 1332 over claims where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.[4]

---

[1]Plaintiff's Complaint (Doc. 1) at 1 (emphasis added).

[2]Fed. R. Civ. P. 12(h)(3).

[3]28 U.S.C. § 1331.

[4]28 U.S.C. § 1332(a)(1).

In his complaint in this case, Plaintiff alleges no claim arising under federal law;  thus, 28 U.S.C. § 1331 is inapplicable.   Further, upon a review of Plaintiff's allegations at set forth in his Complaint, Plaintiff appears to be alleging a state law tort claim, as evidenced by language in Plaintiff's complaint such as "gross negligence," "TORT," "deceived," and "the case was not presented zealously."[5]  The Plaintiff also makes references in his complaint to the Defendant having an "ethical code" that was violated, leading the court to construe Plaintiff's theory of recovery to be one of legal malpractice.[6] Because the court construes this Plaintiff's action as one for state law legal malpractice, the issue then becomes whether the court has subject matter jurisdiction over Plaintiff's action under § 1332, the diversity statute.

The court finds that diversity is lacking in this case under §1332.  Under well-settled law, diversity jurisdiction does not exist under § 1332  unless *each* defendant is a citizen of a different state from *each* plaintiff.[7]  In his Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), Plaintiff Gene P. Gilbert specifically alleges that he is a resident and citizen of the State of Kansas.[8]  As a result, if the Defendant in this action is also a citizen of the State of Kansas, diversity will be destroyed and the court

---

[5]Plaintiff's Complaint (Doc. 1) at 1.

[6]*Id.* at 1, Allegation No. 11.

[7]*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). *See also Bishop v. Moore*, 2000 U.S. Dist. LEXIS 2364 at *4 (D. Kan. February 7, 2000) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

[8]Plaintiffs' Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 2) at 1 (Plaintiff's address listed in caption as Topeka, Kansas).

will lack subject matter jurisdiction over the action.[9]

In this case, the Plaintiff lists the Defendant's address as "David L. Miller...Topeka, Kansas[.]"[10]  Therefore, under well-settled law, diversity is lacking in this action, since Plaintiff and Defendant are both citizens of the State of Kansas.

**Conclusion**

The court recommends dismissal of Plaintiff's action based on a lack of subject matter jurisdiction.  Upon a careful review of Plaintiff's complaint (Doc. 1), the court fails to find any underlying federal questions or claims such that subject matter jurisdiction could be properly  invoked under 28 U.S.C. § 1331.  Furthermore, the court finds that diversity is lacking under 28 U.S.C. § 1332.  Because diversity is lacking under § 1332, the court lacks subject matter jurisdiction over this action, and the court recommends dismissal of this action pursuant to Rule 12(h)(3).

As a final matter, the court further recommends that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), Motion for Hearing (Doc. 3) and Motion for Service (Doc. 4) be denied as moot in conjunction with the dismissal in this action.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's action, *Gilbert v. Miller,* Case No. 06-4010-SAC, be dismissed.

---

[9]*See Owen Equipment & Erection Co.*, 437 U.S. at 373. ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.").  *See also Bishop v. Moore*, 2000 U.S. Dist. LEXIS 2364 at *4 (D. Kan. February 7, 2000) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

[10]Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 2) at 1.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 2), Motion for Hearing (Doc. 3), and Motion for Service (Doc. 4) be denied as moot in conjunction with the dismissal of this action.

Copies of this recommendation and report shall be mailed either electronically or via the United States Postal Service to the parties. Pursuant to 28 U.S.C. § 636 (b)(1), as set forth in Federal Rule of Civil Procedure 72(b) and D. Kan Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated this 27th day of January, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge