IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE P. GILBERT,

          Plaintiff,

Vs.                                                 No. 06-4010-SAC

DAVID L. MILLER,

          Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the United States Magistrate Judge's report and recommendation filed January 27, 2006, that recommends the dismissal of this action for lack of subject matter jurisdiction and the denial of the plaintiff's application to proceed *in forma pauperis* as moot in light of the dismissal. (Dk. 5). Within the time allowed for making a written objection to the report and recommendation, the plaintiff Gene Gilbert filed a memorandum which the court shall treat as a timely-filed objection. (Dk. 6).

"De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted). Rule 72(b) of the Federal Rules of Civil Procedure requires a district judge to "make a de novo determination upon the record, . . ., of any portion of the

magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Those parts of the report and recommendation to which there has been no objection are taken as true and judged on the applicable law. *See Campbell v. United States District Court for the Northern Dist. of California*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974). When review is de novo, the district court is "'free to follow . . . or wholly . . . ignore'" the magistrate judge's recommendation, but it "'should make an independent determination of the issues'" without giving "'any special weight to the prior'" recommendation. *Andrews v. Deland*, 943 F.2d 1162, 1170 (10th Cir. 1991) (quoting *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988)), *cert. denied*, 502 U.S. 1110 (1992). In short, the district court may accept, reject, or modify the magistrate judge's findings, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

In his memorandum, the plaintiff makes several disjointed claims but only refers to jurisdiction in one paragraph and therein argues cryptically:

> The plaintiff will bring to the attention of the court the "jurisdiction" question, that Constitutional Right violations are not heard at the District Court level. Therefore bringing these facts, to the attention of the court.

(Dk. 6, p. 1). While appearing to deny the jurisdictional need to claim a violation of his constitutional rights, the plaintiff later alleges in the most conclusory terms that

he "has been under 'duress' the plaintiff as a U.S. citizen, according to the 14th ammendment (sic) free from such." *Id*. The plaintiff's memorandum fails to communicate any meaningful objection to the magistrate judge's report and recommendation. Reading the memorandum in conjunction with the plaintiff's complaint sheds no more light on what are the plaintiff's claims or on what could be the basis of federal jurisdiction over them.[1]

Jurisdiction to proceed in a United States District Court is limited, and the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists for him to proceed in federal court. The court liberally construes the allegations of a pro se complaint. *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir.1999). Here, even a liberal reading of plaintiff's pro se pleading fails to establish any subject matter jurisdiction based on the diversity of the parties, 28 U.S.C. 1332, or based on the presentation of a federal question, 28 U.S.C. 1331.

---

[1]"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. 28 U.S.C. § 1332. As interpreted, this statute provides federal district courts with original diversity jurisdiction "'only if there is no plaintiff and no defendant who are citizens of the same State.'" *Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (quoting *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998)). As addressed in the magistrate judge's report and recommendation, there is no alleged factual basis for diversity jurisdiction.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) (citations omitted). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id*. The plaintiff's complaint refers to the Fourth Amendment and his memorandum to the Fourteenth Amendment, but neither pleading offers allegations of facts in support of a violation or jurisdiction over the same. "The party seeking the exercise of

4

jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." *Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quotation omitted).  Mere conclusory allegations of jurisdiction are not enough.  *Id*.

For that matter, "[m]erely alleging that 'federal questions are involved'" does not convert a state common-law claim into a federal question. *Martinez v. U.S. Olympic Committee*, 802 F.2d at 1280.  To raise a constitutional claim, the plaintiff must allege "that the defendants acted under color of state law to deprive him of a constitutional right." *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992) (citation omitted).  The complaint does not include any such allegation, and the facts outlined in his complaint and memorandum do not support any such allegation.  Section 1331 fails to confer subject matter jurisdiction over the plaintiff's complaint.  Accordingly, the court finds the complaint is subject to being summarily dismissed for lack of subject matter jurisdiction.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) (first responsibility of U.S. District Court is to determine jurisdiction and dismiss the action is jurisdiction is lacking).

IT IS THEREFORE ORDERED that the plaintiff Gilbert's objection (Dk. 6) to the report and recommendation of United States Magistrate Judge (Dk.

5) is overruled;

      IT IS FURTHER ORDERED that the report and recommendation is accepted and adopted, and the case is dismissed for lack of subject matter jurisdiction and the plaintiff's motion to proceed *in forma pauperis* is accordingly denied as moot.

      Dated this 7th day of February, 2006, Topeka, Kansas.

      s/ Sam A. Crow
      Sam A. Crow, U.S. District Senior Judge